NO. 07-12-0096-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 SEPTEMBER 19, 2012
 _____________________________

 MARK J. WATTLES,

 Appellant
 v.

 MINERVA PARTNERS, LTD.,

 Appellee
 _____________________________

 FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2011-557,807; HONORABLE WILLIAM C. SOWDER, PRESIDING
 _____________________________

 Memorandum Opinion
 _____________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Mark J. Wattles (Wattles) appeals from an order denying his special
appearance in a lawsuit filed by Minerva Partners, Ltd. (Minerva). The
latter sued Wattles to recover upon a personal guaranty. We affirm the
order.
 Background
 Minerva is a limited partnership with its principal place of business
in Dallas, Texas. It entered into a lease agreement with Ultimate
Acquisition Partners, L.P. (Ultimate), a Delaware limited partnership, for
space in a Lubbock, Texas, shopping center. Wattles, who resided in Las
Vegas, Nevada, and was both an equity holder of Ultimate and chairman of
its general partner, executed a personal guaranty in favor of Minerva.
Through the document, he guaranteed repayment of the financial obligation
incurred by Ultimate under the lease agreement.
 Minerva eventually assigned the lease to Gill Holdings (Gill), but
not the guaranty. Gill later reassigned the lease to Minerva so that the
latter could enforce the guaranty. Apparently, Ultimate defaulted on the
lease after making one payment. Upon Minerva suing Wattles, Wattles
filed a special appearance claiming he was not subject to the personal
jurisdiction of the Texas court. The trial court denied the plea, which
led to this interlocutory appeal.
 Authority and Its Application
 The standard of review is de novo. Moki Mac River Expeditions v.
Drugg, 221 S.W.3d 569, 574 (Tex. 2007). We further note that the defendant
had the burden of negating all bases of jurisdiction alleged by the
plaintiff. Id. at 574.
 Next, personal jurisdiction may arise from the execution of one
contract. Michiana Easy Livin' Country, Inc. v. Holten, 168 S.W.3d 777,
787 (Tex. 2005), and it is not necessary that the non-resident appear on
Texas soil for the one contract to suffice. Retamco Operating, Inc. v.
Republic Drilling, Inc., 278 S.W.3d 333, 339-40 (Tex. 2009). However,
there must be a showing that 1) the non-resident purposefully availed
himself of the privilege of conducting activities in Texas, 2) the cause of
action relates to or arises from those activities, and 3) the exercise of
jurisdiction over the non-resident comports with traditional notions of
fair play and substantial justice. Id. at 339-41. Incidentally, the
exercise of personal jurisdiction over a non-resident seldom offends
traditional notions of fair play and substantial justice when the non-
resident has purposefully established minimum contacts with the forum
state. Id. at 341.
 Here, the evidence illustrates that 1) the property subject to the
lease was located in Lubbock, Texas, 2) Minerva relied upon Wattles'
execution of the guaranty in leasing the property to Ultimate, 3) the
guaranty recites that it was given to induce the execution of the lease, 4)
Wattles, who signed the guaranty in his individual capacity, represented in
it that he would "derive substantial direct benefits from the transactions
contemplated by the Lease," 5) a representative of Wattles negotiated the
terms of the guaranty on behalf of Wattles while the representative was in
Dallas, 6) Wattles mailed a signed copy of the guaranty to Dallas, 7)
Wattles agreed, via the guaranty, that the instrument would be "construed
and enforced in accordance with the laws of the State in which the Premises
are located," that state being Texas, 8) Wattles' obligation consisted of
"absolutely, irrevocably and unconditionally guarantee[ing] that he will,
on demand of Landlord, make the prompt and full payment of the Guaranteed
Obligation" which includes "all amounts arising under the Lease that are
owed by Tenant to Landlord accruing under the Lease," up to a limited
amount, 9) Wattles agreed that the obligations under the guaranty "are
independent of the obligations of the Tenant and of the obligations of any
other guarantor or person" and the guaranty is "continuing and
irrevocable," and 10) the controversy arises from and is founded upon the
obligations allegedly imposed by the guaranty. The foregoing circumstances
permit one to reasonably conclude that Wattles not only purposefully
availed himself of the privilege of doing business in Texas but also had
sufficient minimum contacts with that state which should have led him to
reasonably expect to answer a suit in Texas. See J. D. Fields & Co. v. W.
H. Streit, Inc., 21 S.W.3d 599, 604 (Tex. App.-Houston [1st Dist.] 2000, no
pet.) (finding personal jurisdiction when the defendant guarantor
telephoned a Houston office with the offer of guaranty to induce execution
of a contract, personally guaranteed an indebtedness that was payable in
Houston, and faxed a letter of guaranty to Houston); Gubitosi v. Buddy
Schoellkopf Products, Inc., 545 S.W.2d 528, 536 (Tex. Civ. App.-Tyler 1976,
no writ) (finding personal jurisdiction when a guaranty agreement was
mailed to Texas and the signing of the guaranty was a deliberate act which
formed an inducement to execution of note agreements which were payable in
Texas); Mitchell v. Simpro, Inc., No. 14-01-0623-CV, Tex. App. Lexis 7567,
at *15-16 (Tex. App.-Houston [14th Dist.] November 8, 2001, no pet.) (not
designated for publication) (holding that a guarantor submitted himself to
the personal jurisdiction of Texas courts when he contacted the prospective
recipient of a guarantee, executed the guarantee to induce Simpro to
continue selling its products to an Atlanta business, sent it to Texas, and
agreed that Texas law should control its enforcement). Moreover, we find
nothing of record suggesting that the exercise of personal jurisdiction
over Wattles would contravene traditional notions of fair play or
substantial justice.
 To defeat the trial court's exercise of jurisdiction, however,
Wattles argues that the guaranty is void. And, because it is void, he is
somehow shielded from the authority of a Texas court. To adopt such a
contention as defeating personal jurisdiction would be akin to "putting the
cart before the horse." The issue in question is whether the trial court
can exercise personal jurisdiction over Wattles given his contacts with the
state, not whether Minerva has a viable cause of action against him.
Personal jurisdiction may exist even if the plaintiff ultimately loses his
suit or has less than a certain claim. If this was not so, then the trial
court could effectively require Wattles to defend against or otherwise
adjudicate the merits of the claim even if no personal jurisdiction
existed. Simply put, the presence of personal jurisdiction is not
dependent upon the merits of the underlying cause of action. See Michiana
Easy Livin' Country, Inc. v. Holten, 168 S.W.3d at 790 (cautioning against
"equating the jurisdictional inquiry with the underlying merits"). Nor
does the authority cited by Wattles, that is In re Modern Textile, Inc. v.
P. M. Holdings Corporation, 900 F.2d 1184 (8th Cir. 1991), suggest
otherwise. Indeed, the existence of personal jurisdiction was not even an
issue there.
 We overrule Wattles' complaints and affirm the order of the trial
court.

 Brian Quinn
 Chief Justice